IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ERNEST L. TAYLOR,**

                            Petitioner,

              v.                                                                CASE NO. 23-3203-JWL

**STATE OF KANSAS,**

                            **Respondent.**

## MEMORANDUM AND ORDER

Petitioner Ernest L. Taylor, a state prisoner currently incarcerated at Larned State Correctional Facility in Larned, Kansas filed this pro se petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2254. (Doc. 1.) The Court has undertaken a preliminary review of the petition in this matter and concludes that it is subject to dismissal in its entirety. For the reasons explained below, the Court will therefore direct Petitioner to file an amended petition or a written response to this order.

### Background

In July 2007, while on post-release supervision from previous state cases, Petitioner was arrested and charged with new crimes. *State v. Taylor*, 2022 WL 5287850, *1 (Kan. Cr. App. Oct. 7, 2022) (unpublished), *rev. denied* Aug. 8, 2023. In 2008, a jury in Shawnee County, Kansas convicted Petitioner of aggravated robbery, aggravated burglary, and obstructing official duty and the state district court sentenced him to a lengthy prison term. (Doc. 1, p. 1); *State v. Taylor*, 2010 WL 2245599, *1 (Kan. Ct. of App. May 28, 2010) (unpublished opinion), *rev. denied* No. 4, 2011. Those convictions are the subject of a petition for federal habeas relief already pending in this Court. *See Taylor v. Meyer*, Case No. 21-3088.

The petition now before the Court concerns the application of credit for the time Petitioner spent in jail awaiting his 2008 trial. (Doc. 1, p. 5.) In the sole ground for relief, Petitioner alleges that the jail-time credit must be applied to the 2008 sentence, contrary to prior rulings from the state courts. *Id.* He asks this Court to vacate and set aside his sentence and to order the jail-time credit applied to his 2008 sentence. *Id.* at 15.

**Analysis**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. To obtain habeas corpus relief under § 2254, Petitioner must demonstrate that he is "in [State] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). Thus, when a state prisoner seeks habeas relief in federal court under § 2254, "a federal court is limited to deciding whether a *conviction* violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted) (emphasis added).

As noted above, however, Petitioner already has a § 2254 petition challenging his 2008 convictions pending in this Court. If Petitioner wishes to assert additional grounds for relief from those convictions under § 2254, he must file in the already pending matter a motion to amend his petition. Filing a second case under § 2254 is improper. *See Herd v. Walker*, 986 F.2d 1427 (10th Cir. 1993) (unpublished) (affirming the dismissal of a § 2254 petition when a previous petition filed by the petitioner was already pending).

Even if Petitioner sought to add his jail-time credit argument to his already pending habeas matter, however, he would not succeed because it is not an argument that may be properly brought

under § 2254. As noted above, habeas corpus relief under § 2254 is restricted to situations in which a state-court conviction "violated the Constitution, laws, or treaties of the United States." *See Estelle*, 502 U.S. at 67-68. But even liberally construing this pro se petition now before this Court, it does not challenge Petitioner's 2008 convictions. Rather, it challenges the application of jail-time credit, which is a challenge to the execution of his sentences.

If the Court is accurately construing the current petition, Petitioner may wish to seek relief under 28 U.S.C. § 2241, which "'[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the *execution* of his state sentence via a § 2241 petition."). Under Local Rule 9.1(a), however, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 must be filed on a court-approved form. The Court will direct the clerk to send Petitioner the appropriate form for filing a petition under § 2241 and, if Petitioner wishes, he may submit a complete and proper amended petition containing his claims for relief under 28 U.S.C. § 2241.

If Petitioner submits an amended petition, it must be on the court-approved forms and must be complete in and of itself; it may not refer back to an earlier version of the petition or attempt to incorporate by reference any other filings with this Court. Any grounds for relief not included in the amended petition will not be considered before the Court. Petitioner must include the case number of this action (23-3203) on the first page of the amended petition. If Petitioner submits an amended petition on the appropriate form, the Court will proceed with an initial review of the amended petition. If Petitioner does not wish to pursue a § 2241 petition at his time or if the Court has misunderstood Petitioner's arguments or challenges in this petition, Petitioner shall file a written response to this order so informing the Court. If Petitioner fails to submit an amended

petition or a response consistent with these directions on or before September 29, 2023, this action may be dismissed without further prior notice to Petitioner.

When considering whether to file an amended petition, Petitioner should be aware that on the information in the current petition, his sole claim for relief appears to fail to state a claim on which federal habeas relief may be granted even under § 2241. In short, Petitioner alleges that the way in which the jail-time credit was handled violated K.S.A. 21-6615. (Doc. 1, p. 14.) But "[f]ederal habeas relief does not lie for errors of state law." *See Estelle*, 502 U.S. at 67. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67-68; *see also Hawes v. Pacheco*, 7 F.4th 1252, 1264 (10th Cir. 2021) ("'To the extent [the petitioner] argues the state court erroneously interpreted and applied state law, that does not warrant habeas relief[.]'").

Petitioner may also face challenges regarding the timeliness of any federal habeas claim related to the jail-time credit issue, as it appears that the state courts first resolved this argument against Petitioner between 5 and 15 years ago. *See Taylor*, 2022 WL 2022 WL 5287850, at *1-2 (noting that Petitioner raised the jail-time credit issue in motions filed in 2008, 2018, and 2021 and affirming the dismissal of the 2021 motion as successive). If Petitioner chooses to file an amended petition for relief in this matter and seek relief under § 2241, the Court will review the amended petition and issue further orders as necessary.

## Conclusion

In summary, the petition now before the Court is subject to dismissal because to the extent it seeks relief under § 2254, it fails to challenge Petitioner's convictions and Petitioner already has a § 2254 petition related to the same convictions pending before this Court. Challenges to the calculation or application of jail-time credit are more appropriately brought under § 2241 and must

be on the court-approved forms for such challenges. If Petitioner wishes to convert this matter into one seeking relief under § 2241, he must file, on or before September 29, 2023, a complete and proper amended petition on the court-approved forms for seeking relief under § 2241.

If Petitioner believes that the Court has misunderstood the claims in the current petition, he must file, on or before September 29, 2023, a written explanation of how his current claims are proper under § 2254. If Petitioner fails to file either an amended petition seeking relief under § 2241 or a written response to this order by the deadline, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including September 29, 2023 in which to submit either an amended petition seeking relief under 28 U.S.C. § 2241 or a written response to this order. The failure to timely comply may result in dismissal without further prior notice to Petitioner. The clerk is directed to send Petitioner the court-approved forms for filing a petition under 28 U.S.C. § 2241.

**IT IS SO ORDERED.**

DATED: This 29th day of August, 2023, at Kansas City, Kansas.

<pre>                                            S/ John W. Lungstrum
                                            JOHN W. LUNGSTRUM
                                            United States District Judge</pre>