IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ERNEST L. TAYLOR,**

                    **Petitioner,**

              v.                                          CASE NO. 23-3203-JWL

**TIM EASLEY[1],**

                    **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241[2] filed by state prisoner Ernest L. Taylor. (Doc. 8.) The Court has conducted the required review of the petition and will direct Respondent to file a limited Pre-Answer Response addressing the timeliness of this action.

## Background

In July 2007, while on post-release supervision imposed in previous state criminal cases, Petitioner was arrested and charged with new crimes. *State v. Taylor*, 2022 WL 5287850, *1 (Kan. Ct. App. Oct. 7, 2022) (unpublished), *rev. denied* Aug. 8, 2023. In 2008, a jury in Shawnee County, Kansas convicted Petitioner of aggravated robbery, aggravated burglary, and obstructing official duty and the state district court sentenced him to a lengthy prison term. (Doc. 1, p. 1); *State v.*

---

[1] Petitioner has named the State of Kansas as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Tim Easley, the current warden of Larned State Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

[2] The petition was initially submitted as one seeking habeas relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) After the Court issued a Memorandum and Order (Doc. 4), however, Petitioner refiled his petition on the court-approved form for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 8.)

*Taylor*, 2010 WL 2245599, *1 (Kan. Ct. App. May 28, 2010) (unpublished opinion), *rev. denied* Nov. 4, 2011. Those convictions are the subject of a petition for federal habeas relief already pending in this Court. See *Taylor v. Meyer*, Case No. 21-3088.

On August 28, 2023, Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Court reviewed the petition and found that it

> concerns the application of credit for the time Petitioner spent in jail awaiting his 2008 trial. (Doc. 1, p. 5.) In the sole ground for relief, Petitioner alleges that the jail-time credit must be applied to the 2008 sentence, contrary to prior rulings from the state courts. *Id.* He asks this Court to vacate and set aside his sentence and to order the jail-time credit applied to his 2008 sentence. *Id.* at 15.

(Doc. 4, p. 2.)

Thus, on August 29, 2023, the Court issued a Memorandum and Order (M&O) explaining to Petitioner that it appears he seeks relief available under 28 U.S.C. § 2241, not § 2254. *Id.* at 2-3. The Court granted Petitioner time in which to submit an amended petition seeking relief under § 2241 or correct the Court's understanding of Petitioner's claims. *Id.* at 3-4. It cautioned Petitioner that even when brought under § 2241, his claims may face timeliness challenges "as it appears that the state courts first resolved this argument against Petitioner between 5 and 15 years ago." *Id.* at 4 (citing *Taylor*, 2022 WL 5287850, at *1-2). Petitioner filed his amended petition, seeking relief under § 2241, on September 18, 2023. (Doc. 8.)

**Rule 4 Review**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding

pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

**Analysis**

In the amended petition, Petitioner alleges that he has not received jail-time credit to which he is entitled. (Doc. 8, p. 2.) In the portion of the court-approved form for explaining his grounds for relief and the facts that support each ground, however, Petitioner has simply referred the Court generally to attachments to the petition. *Id.* at 6. Liberally construing the attachments, it is clear that Petitioner argues that the jail-time credit to which he was entitled for the pretrial confinement related to his 2007 case was never applied, either to the sentence in that case or to the sentence in any other criminal case involving Petitioner. It is equally clear that Petitioner's state-court efforts to obtain relief on this argument have been unsuccessful. (*See* Doc. 8-1, p. 1-8.) Most recently, the Kansas Court of Appeals (KCOA) in October 2022 affirmed the district court's denial as successive of Petitioner's fourth motion seeking relief on this matter, and the Kansas Supreme Court (KSC) denied the subsequent petition for review. *Id.* at 5-8.

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). The Court finds that resolving the timeliness question in this matter requires additional information from the Respondent, so the Court concludes that a limited Pre-Answer Response (PAR) is appropriate. *See Wood v. Milyard*, 566 U.S. 463, 467 (2012); *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo.

3

2008). Accordingly, the Court directs Respondent to file such a response limited to addressing the affirmative defense of timeliness under 28 U.S.C. § 2244(d). If Respondent does not intend to raise that defense or concludes that this matter was timely filed, Respondent shall notify the Court of that decision in the PAR. Upon receipt of the PAR, the Court will issue further orders as necessary.

**IT IS THEREFORE ORDERED** that Tim Easley, Warden of Larned State Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Respondent is granted to and including October 20, 2023, in which to file a Pre-Answer Response that complies with this order.

**IT IS SO ORDERED.**

DATED:   This 19th day of September, 2023, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge