IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERNEST L. TAYLOR,

Petitioner,

v.                                          CASE NO. 23-3203-JWL

TIM EASLEY,

Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by state prisoner and Petitioner Ernest L. Taylor. (Doc. 1.) Petitioner filed the currently operative amended petition on September 18, 2023. (Doc. 8.) The parties are familiar with the facts underlying this matter and the Court sees no reason to recite them in detail here. Highly summarized, this federal habeas matter concerns the application of credit for the time Petitioner spent in jail awaiting a 2008 trial on crimes committed while he was on post-release supervision for earlier convictions. (*See* Doc. 9, p. 1-2.)

After conducting an initial review of the amended petition and exhibits thereto, the Court directed Respondent to file a pre-answer report (PAR) limited to the affirmative defense of timeliness. (Doc. 9.) Respondent timely filed the PAR. (Doc. 13.) The time in which Petitioner could reply to the PAR expired on January 19, 2024 (*see* Doc. 12) and the Court has not received anything further from Petitioner. In light of the information in the PAR and as explained below, the Court concludes that this matter was timely filed. Thus, the Court will direct Respondent to file a responsive pleading.

The one-year federal habeas statute of limitations contains a tolling provision:  "The time

1

during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In the PAR, Respondent argues that the petition in this matter was untimely because a motion for jail credit Petitioner filed on April 19, 2021 was untimely and therefore was not "properly filed," so it did not toll the federal habeas statute of limitations. (Doc. 13, p. 7.) To his credit, Respondent acknowledges that "[i]f this Court disagrees, then Petitioner's current federal habeas petition is not time-barred." *Id.*

It is well-established that "time limits, no matter their form, are 'filing' conditions," so when a state court rejects a motion for post-conviction relief as untimely, "it was not 'properly filed,' and [the petitioner] is not entitled to statutory tolling under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *see also Allen v. Siebert*, 552 U.S. 3, 5-7 (2007) (reaffirming *Pace* and holding that it does not matter whether the time limit in question "is jurisdictional, an affirmative defense, or something in between"). The time limit Respondent points to and asks this Court to apply to the April 2021 motion is the one-year time limit on motions brought under K.S.A. 60-1507. (Doc. 13, p. 8.)

The April 2021 motion was not brought under K.S.A. 60-1507, nor did the state courts treat it as such. *See State v. Taylor*, 2022 WL 5287850, *2 (Kan. Ct. App. Oct. 7, 2022) (unpublished) (noting Petitioner's "efforts to draw parallels to K.S.A. 60-1507 motions"), *rev. denied* Aug. 8, 2023. It was filed in Petitioner's criminal case and, as Respondent points out in the PAR, "a K.S.A. 60-1507 motion is supposed to be filed as a separate civil case." (Doc. 13, p. 5.) Moreover, the Court declines Respondent's request that it independently construe the 2021 motion as one seeking relief under K.S.A. 60-1507 based on Petitioner's representations in his pro se amended federal habeas petition, as doing so would run counter to the liberal construction afforded pro se pleadings.

Thus, the time limitations for filing a motion under K.S.A. 60-1507 are not relevant here.

There is no indication that the April 2021 motion was untimely filed. No state court rejected the April 2021 motion as untimely. The state district court denied the motion as "'successive, repetitive and an abuse of remedy.'" *Id.* at 3. On appeal, the Kansas Court of Appeals did not address timeliness, affirming the judgment and holding "[t]he district court did not err when it denied Taylor's fourth jail-time-credit motion as successive." *See Taylor*, 2022 WL 5287850, at *1-2. Although the claims in the motion were procedurally barred as successive, that does not render the motion itself improperly filed. *See Artuz v. Bennett*, 531 U.S. 4, 8, 11 (2000). Accordingly, the Court is satisfied that the petition in this matter was timely filed. The Court further concludes that a responsive pleading is required in this matter.

**IT IS THEREFORE ORDERED** that that Respondent is hereby required to show cause on or before **March 4, 2024**, why the writ should not be granted; that Petitioner is granted until **April 4, 2024**, to file a traverse thereto, admitting or denying under oath all factual allegations therein contained.

Copies of this Order shall be transmitted to the parties and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:   This 2nd day of February, 2024, at Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge