**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ERNEST L. TAYLOR,**

**Petitioner,**

**v.**                                                                **CASE NO. 23-3203-JWL**

**TIM EASLEY,**

**Respondent.**

**<u>MEMORANDUM AND ORDER</u>**

This matter is a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner and state prisoner Ernest L. Taylor proceeds pro se and asserts that he is being improperly denied credit for the time he spent in jail awaiting trial on crimes committed while he was on post-release supervision for earlier convictions. Having considered Petitioner's arguments, together with the state-court record and relevant legal precedent, the Court concludes that the sole claim in this matter is subject to a procedural bar and Petitioner has not made the necessary showing that would allow the Court to consider the merits of his arguments. Thus, Petitioner **is not** entitled to federal habeas corpus relief and the Court **denies** the petition.

**Nature of the Petition**

Petitioner seeks federal habeas relief in the form of an order directing that he be credited for the time he spent in jail awaiting trial in state case number 07CR1469. (Doc. 8, p. 7.)

**Factual and Procedural Background**

In July 2007, Taylor was arrested for committing crimes while he was serving a postrelease-supervision term in five felony cases. Taylor was arrested and remained in jail as his new case proceeded to trial. A jury found Taylor had committed aggravated robbery, obstructing legal process, and aggravated burglary.

1

Taylor's sentencing hearing in the new case was held in August 2008. He was sentenced to a controlling prison term of 281 months, followed by 12 months of postrelease supervision. The sentencing court ordered his new sentence to run consecutive to his sentences in his previous cases—that is, consecutive to the completion of his incarceration for his postrelease-supervision violation. The court then directed the parties to determine the appropriate jail-time credit and how that credit should be applied.

The resulting journal entry of sentencing awarded no jail-time credit for Taylor's pretrial incarceration against his 2007 sentence.

*State v. Taylor*, 2022 WL 5287850, *1 (Kan. Ct. App. Oct. 7, 2022) (unpublished), *rev. denied* Aug. 8, 2023).

Petitioner appealed his convictions and sentence, but did not raise any issue related to jail-time credit. *See State v. Taylor*, 2010 WL 2245599 (Kan. Ct. App. May 28, 2010) (*Taylor I*), *rev. denied* Nov. 4, 2011; *see also* (Doc. 18-36, p. 1, 11-46). In November 2008, while his direct appeal was pending, however, Petitioner filed a motion for jail-time credit in the district court in his criminal case, claiming that he should receive credit for July 27, 2007 to September 24, 2008. (Doc. 18-32, p. 79.) As Respondent concedes, it does not appear that the state district court ever ruled on this motion. (Doc. 17, p. 3.) On May 28, 2010, the Kansas Court of Appeals (KCOA) affirmed Petitioner's convictions and sentence, and the Kansas Supreme Court (KSC) denied the subsequent petition for review. *Taylor I*, 2010 WL 22545599, at *1.

In October 2012, Petitioner began pursuing state habeas corpus relief under K.S.A. 60-1507. (Doc. 18-38, p. 5.) The state district court ultimately denied relief and Petitioner timely appealed. *Id.* at 6. It does not appear that jail-time credit was an issue presented in the appeal. *Id.* at 6-18. In April 2018, while the appeal was pending, Petitioner filed in state district court a second motion for jail-time credit, again arguing that he was entitled to credit for the time he spent in jail during the proceedings in  07CR1469. (Doc. 18-33, p. 360.) The State filed a response and submitted a letter from the manager of KDOC's Sentence Computation Unit that stated, in relevant

part, that Petitioner had "continued to receive credit towards satisfaction of the post-release supervision period that he was serving from the date of his arrest to the date of sentencing in 07CR1469, August 12, 2008." (Doc. 23-3, p. 4-5, 7.) In September 2018, the state district court issued an order denying Petitioner's motion for jail-time credit. (Doc. 23-2, p. 102-04.) Petitioner did not appeal this order. (*See* Doc. 18-44, p. 7.)

On December 7, 2018 and August 29, 2019, Petitioner filed additional motions for jail-time credit in 07CR1469. (Doc. 23-2, p. 105-06, 110-11.) He also raised the issue, among other arguments, in a second motion to correct illegal sentence he filed on April 21, 2020. *Id.* at 117-20. The State did not file a response to any of these motions. *Id.* at 121. In July 2020, the state district court denied the motions for jail-time credit as successive and on grounds previously explained because the motions made the "same arguments as [Petitioner] did in a previously filed motion" that was "denied on September 14, 2018." (Doc. 23-2, p. 121-22.) The district court also denied Petitioner's April 2020 motion to correct illegal sentence, although it did not address the jail-time credit issue specifically. *Id.* at 123. Petitioner filed a motion for reconsideration, but did not ask the district court to reconsider its rulings on the jail-time credit issue. *Id.* at 125-26.

In August 2020, the KCOA affirmed the district court's denial of Petitioner's K.S.A. 60-1507 motion. *Taylor v. State*, 2020 WL 4722823 (Kan. Ct. App. Aug. 14, 2020) (*Taylor II*), *rev. denied* Mar. 18, 2021. The KSC denied review on March 18, 2021.

On April 19, 2021, Petitioner filed in 07CR1469 a "Motion under Rule 166[1]," asking the state district court to rule on his August 2008 motion for jail-time credit and making substantive arguments regarding his entitlement to that credit. (Doc. 23-2, p. 141-42, 146-49.) Four days later,

---

[1] Kansas Supreme Court Rule 166(a) states that "[a] judge of the district court must issue a ruling on a civil motion no later than 30 days after the motion's final submission except for a ruling on a motion for summary judgment, which must be issued no later than 60 days after final submission."

the state district court denied the motion, finding it was "successive, repetitive, and an abuse of remedy" and reaffirming the reasons previously given for the denial of Petitioner's similar requests for jail-time credit. (Doc. 23-2, p. 150.) The court did not address Petitioner's contention that the August 2008 motion had never been ruled upon. *Id.* Petitioner appealed. *Id.* at 152.

On October 7, 2022, the KCOA issued a written opinion affirming the denial. *State v. Taylor*, 2022 WL 5287850 (Kan. Ct. App. Oct. 7, 2022) (*Taylor III*), *rev. denied* Aug. 8, 2023). After setting out the history of Petitioner's litigation regarding jail-time credit, the KCOA reasoned:

> On appeal, Taylor argues that the district court erred in denying his most recent motion as successive without considering the merits of his claims. He acknowledges that the jail-credit issue was decided on the merits previously. But he argues that the court's earlier decisions, which the district court relied on in its most recent denial, were clearly erroneous and warrant review and reversal. We disagree.

> Ordinarily, the law favors resolving arguments on their merits. But in some instances, such as when a litigant repeatedly raises the same issue in successive motions, courts may decline to consider the arguments anew. Issue preclusion is a prudential doctrine that seeks to prevent unnecessary relitigation of issues that courts have previously considered and ruled upon. See *Herington v. City of Wichita*, 314 Kan. 447, 458-59, 500 P.3d 1168 (2021). Under this doctrine, Kansas courts may refuse to consider an argument that has already been heard—that is, an issue previously raised against the same party or a party in privity when the issue was necessary to and ultimately resulted in a judgment. *In re Tax Appeal of Fleet*, 293 Kan. 768, 777, 272 P.3d 583 (2012).

> The district court did not err when it applied this principle here. Taylor raises the same issue—the recalculation of his jail-time credit—that he has raised at least three times before. He offers no reason why reconsideration of this issue is necessary now (besides a desire for the courts to grant his request for relief) and offers no explanation, beyond an assertion that the district court erred in its previous assessments, as to why review is warranted. This lack of explanation is glaring, especially given Taylor's decision not to appeal the district court's decisions in 2018 and 2020.

> Taylor's efforts to draw parallels to K.S.A. 60-1507 motions are similarly unavailing. Courts routinely decline to consider successive claims in that context as well. See Supreme Court Rule 183(d)(3) (2022 Kan. S. Ct. R. at 242). And Taylor

has not explained any exceptional circumstance—like a change in the law or some newly discovered information—that would warrant reconsideration of his claim.

Finally, as the district court discussed with the parties in 2018, this entire discussion is somewhat academic. Taylor is serving his sentence for his 2007 convictions consecutively to completing the balance of his sentences—his incarceration for his postrelease-supervision violations—for his previous cases. This means that regardless of whether Taylor's previous jail time would be credited toward his current sentence or to reduce his incarceration for his postrelease-supervision violation, the effect on his combined incarceration term would be the same. Thus, Taylor's repeated motions challenging the application of this credit have not been and are not currently successful.

The district court did not err when it denied Taylor's fourth jail-time-credit motion as successive. We affirm the court's judgment.

2022 WL 528750, at *2.

The day that the KSC denied review of the KCOA's opinion, Petitioner filed in this Court a federal petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) He filed his amended petition seeking relief under 28 U.S.C. § 2241 on September 18, 2023. (Doc. 8.) As the sole ground for relief, Petitioner asserts that he has never received credit—to which he contends he has "a right"—for the time he spent in jail on 07CR1469. *Id.* at 6; (Doc. 8-1, p. 3.) Petitioner contends that the state courts failed to afford consideration to his pro se status and improperly relied upon the KDOC letter regarding sentence computation. *Id.* at 4. As relief, he asks this Court to award the credit he is due. *Id.* at 7.

After some initial briefing regarding whether this matter was timely filed, the Court directed Respondent to show cause why the writ should not be granted. (Doc. 16.) Respondent timely filed his answer on April 9, 2024. (Doc. 17.) He argues that Petitioner has failed to state a claim on which relief can be granted under 28 U.S.C. § 2241 because Petitioner has not identified—and Kansas has not established—a federal constitutional right to jail-time credit. *Id.* at 8-9. Relatedly, he argues that this Court should not examine the merits of Petitioner's claim

because Petitioner never argued to the state courts that his federal constitutional rights were violated. *Id.* at 13-14. Respondent also contends that Petitioner's claim is procedurally defaulted because the state courts denied relief based on adequate and independent state law and that the claim fails on its merits because Petitioner has already received the credit he seeks through this federal matter. *Id.* at 10-17.

Petitioner timely filed his traverse on May 12, 2024. (Doc. 21.) Therein, he reasserts that he has never received the jail-time credit related to 07CR1469 and that he is entitled to that credit. *Id.* at 1. He asserts that the refusal to grant him the credit violates his due process rights under the Fourteenth Amendment and the Fifth Amendment's protection against double jeopardy. *Id.* at 1-2. Petitioner also seeks an evidentiary hearing on his petition, asking this Court to require his parole officer to "prove[] when the Petitioner did have his revocation hearing." *Id.* at 2-3. To his traverse, Petitioner has attached a letter from a Corrections Counselor at Larned State Correctional Facility that details the journal entries in the relevant criminal cases and concludes: "There is no jail credit on case 07CR1469 according to your journal entry for that case and there are no indications that any jail credit for case 07CR1469 was applied to any other case." (Doc. 21-1, p. 1.)

**Evidentiary Hearing**

Petitioner asks this Court to hold an evidentiary hearing on this matter, in part to determine when and whether his postrelease supervision was revoked. (Doc. 21, p. 2-3.) Generally speaking, when faced with a federal habeas petition from a state prisoner, federal district courts do not hold evidentiary hearings to resolve factual questions that were not resolved in state court. *See Shinn v. Ramirez*, 596 U.S. 366, 371 (2022) ("In all but [certain] extraordinary cases, [federal law] 'bars evidentiary hearings in federal habeas proceedings initiated by state prisoners.'").

Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts[2] requires this Court, if it does not dismiss a habeas petition during the initial screening phase, to "review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Anderson v. Att'y Gen. of Kansas*, 425 F.3d 853, 859 (10th Cir. 2005) ("[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record."). The record in this case is sufficient to preclude habeas relief. Thus, an evidentiary hearing is unnecessary.

### General Standards

By arguing that he is being denied credit that would shorten the length of his sentence, Petitioner challenges the execution of a sentence imposed by a state court for violations of state criminal law, which is an appropriate challenge to bring under 28 U.S.C. § 2241, provided that it raises federal constitutional issues. *See Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the execution of his state sentence via a § 2241 petition."); *Johnson v. Patton*, 580 Fed. Appx. 646, 647-48 (10th Cir. Sep. 5, 2014) (unpublished) (holding that under certain circumstances, a § 2241 petition is a proper avenue for a state prisoner to "allege[] a federal due process deprivation of a liberty interest in jail-time credits"). But claims based only on the violation of state laws cannot be the basis for federal habeas relief because "[f]ederal courts may not issue writs of habeas corpus to state prisoners whose confinement does

---

[2] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts authorizes district courts to apply the Rules to habeas corpus petitions brought under 28 U.S.C. § 2241.

not violate *federal* law." See *Wilson v. Corcoran*, 562 U.S. 1, 1 (2010) (emphasis added). [3]

## Discussion

Respondent argues that Petitioner has failed to identify in this habeas case the specific federal constitutional right violated by the alleged failure to grant him jail-time credit. (Doc. 17, p. 8-9.) A review of the petition and the attachments to the petition reflects that although Petitioner stated, "it is a right to have that time awarded to me," at no point did he expressly identify the source of the right. (Doc. 8, p. 7; Doc. 8-1, p. 2-4.) In his traverse, Petitioner does not contest that he failed in his petition to identify a specific federal or constitutional right at issue. (Doc. 21, p. 1.) Rather, he specifically asserts for the first time a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution based on his asserted liberty interest in jail-time credit and a violation of the Double Jeopardy Clause of the Fifth Amendment. *Id.* at 1-2.

In the case at hand, extensive analysis of whether the pro se § 2241 petition should be liberally construed to articulate a federal constitutional claim is unnecessary. This is because state prisoners seeking federal habeas relief are required to first present the alleged federal constitutional violations to the state courts; this requirement is referred to as the exhaustion doctrine. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020). And even assuming that the §

---

[3] Petitioner argues that the denial of his requests for jail-time credit violate Kansas state statutes. (*See* Doc. 21, p. 2.) As the United States Supreme Court has explained, however, "[f]ederal habeas relief does not lie for errors of state law." *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67-68. "'To the extent [the petitioner] argues the state court erroneously interpreted and applied state law, that does not warrant habeas relief[.]'" *Hawes v. Pacheco*, 7 F.4th 1252, 1264 (10th Cir. 2021)(quoting *Boyd v. Ward*, 179 F.3d 904, 916 (10th Cir. 1999)). In short, even if Petitioner has been denied jail-time credit to which he is entitled under Kansas statutes, this Court cannot grant federal habeas relief on that basis. Therefore, Petitioner's arguments based on asserted violations of state law are not addressed further in this order.

2241 petition in this matter can be liberally construed to claim the violation of a federal constitutional right, the records before this Court reflect that Petitioner did not raise a federal constitutional claim to the *state* courts.

The United States Supreme Court has long held that before a state prisoner may pursue federal habeas relief on the grounds that his or her federal constitutional rights have been violated, "the federal claim must be fairly presented to the state courts." *See Picard*, 404 U.S. at 275. This requirement "reflects a policy of federal-state comity" and is "'an accommodation of our federal system designed to give the State an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Id.* (citations omitted). In other words, the State must have the first chance to remedy violations of the rights guaranteed to state prisoners who are sentenced for violations of state law, even when the rights in question are guaranteed by the United States Constitution. *See id.* at 275-76.

The Tenth Circuit recently reaffirmed these principles, stating:

> "For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' . . . ." Thus, we recognize that we must afford state courts "the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights," which those courts cannot do unless they have been "alerted to the fact that the prisoners are asserting claims under the United States Constitution." A petitioner "need not cite 'book and verse on the federal constitution.'" But he must do "more than present[ ] 'all the facts necessary to support the federal claim' to the state court or articulat[e] a 'somewhat similar state-law claim.'" At bottom, "the crucial inquiry is whether *the 'substance'* of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim."

*Honie v. Powell*, 58 F.4th 1173, 1184 (10th Cir. 2023) (citations omitted).

*Picard* provides a good example of how the analysis works in practice. In that case, a state prisoner sought federal habeas relief based on an alleged violation of the Equal Protection Clause of the Fourteenth Amendment. *Id.* at 271, 276. The United States Supreme Court held that although

the state prisoner had "presented all the facts" to the state courts, "the constitutional claim . . . was never brought to the attention of the state courts." *Id.* at 277. Specifically, the state prisoner had "never contended that the method by which he was brought to trial denied him equal protection of the laws. Rather, [he] consistently argued that he had been improperly indicted under [state] law and, to the extent that he raised a federal constitution claim at all," it related only to the Fifth Amendment. *Id.* at 276-77. The Court concluded that "[t]he claim that an indictment is invalid is not the substantial equivalent of a claim that it results in an unconstitutional discrimination." *Id.* at 278.

In the matter now before this Court, Petitioner thoroughly presented the facts of his claim for jail-time credit to the state courts. He persistently argued that those facts showed a violation of the Kansas statutes governing jail-time credit. (*See* Doc. 18-32, p. 79; Doc. 18-33, p. 360-61; Doc. 23-2, p. 105-06, 110-11, 120.) Yet this Court has carefully reviewed the extensive state court records before it and has found no point at which Petitioner's arguments to the state courts would have put those courts on notice that Petitioner was making a federal constitutional claim. The argument that Petitioner has been denied jail-time credit in violation of Kansas statutes is different than the argument that Petitioner has been denied jail-time credit in violation of a provision of the United States Constitution. Thus, the Court agrees with Respondent that Petitioner failed to fairly present the state courts with the claim he now makes:  that the denial of jail-time credit violated a federal constitutional right. (*See* Doc.17, p. 13-14.)

As the Tenth Circuit has further explained:

There are consequences for failing to properly present a claim [to the state courts]. Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies. However, dismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds. Where the relevant state courts would now find

> those claims procedurally barred, there is a procedural default for the purposes of federal habeas review.

*Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (quotation marks and citations omitted).

That is the situation here. If Petitioner attempted to litigate another jail-credit claim in the Kansas state courts, the state court would deny the motion as successive and barred by Kansas' res judicata principles.[4] In Kansas,

> res judicata encompasses two distinct doctrines. The first doctrine is issue preclusion . . . and it precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment. The second is claim preclusion . . . , which prevents parties from relitigating the same claim or cause of action even if certain issues were not litigated in the prior action.

*Herington v. City of Wichita*, 314 Kan. 447, 457 (2021). The conclusion that res judicata would bar future motions for jail-time credit filed by Petitioner is supported by the KCOA's 2022 opinion, which rested largely on issue preclusion. *See Taylor*, 2022 WL 5287850, at *2. There is no indication that a subsequent state-court motion from Petitioner regarding jail-time credit would be treated differently. Thus, the Court concludes that the sole issue presented in this federal habeas petition is procedurally defaulted because Petitioner did not fairly present a federal constitutional claim to the state courts and he can no longer do so.

This Court can consider the merits of a procedurally defaulted claim "only if [Petitioner] can 'demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental

---

[4] Kansas's res judicata doctrine is the type of "independent and adequate state procedural ground" that supports a finding of anticipatory procedural default of a claim. *See Grant*, 886 F.3d at 892. It is "independent" because it is based in state, not federal, law. *See Finlayson v. State*, 6 F.4th 1235, 1238 (10th Cir. 2021) ("A state procedural rule is independent if it relies on state law, rather than federal law, as the basis for the decision."); *Herington v. City of Wichita*, 314 Kan. 447, 461-62 (2021) (discussing differences and "conflicts" between federal and Kansas application of res judicata). It is "adequate" because it is firmly established and regularly followed in Kansas jurisprudence. *See Walker v. Martin*, 562 U.S. 307, 316 (2011) ("To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'"); *Herington*, 314 Kan. at 457-58 (defining claim preclusion and issue preclusion and citing cases that date back to the 1970s).

miscarriage of justice." *See Grant*, 886 F.3d at 892. Respondent argues in his answer that Petitioner is unable to make either of these showings. (Doc. 17, p. 12.) Petitioner, in his traverse, does not make any statements that could be liberally construed to assert either the required cause and prejudice or that the failure to consider his claim will cause a fundamental miscarriage of justice. (Doc. 21, p. 1-3.) Thus, the Court concludes that it is "precluded from considering" the merits of Petitioner's sole claim in this federal habeas matter. *See Grant*, 886 F.3d at 902 (holding that where the petitioner "makes no effort to overcome this bar by arguing cause and prejudice, or a fundamental miscarriage of justice . . . we are precluded from considering [his procedurally defaulted] . . . claim"). It must deny the petition for writ of habeas corpus.

## Conclusion

In summary, although Petitioner now asserts that a federal constitutional violation occurred as a result of the denial of his requests for jail-time credit, he did not make a federal constitutional argument in the extensive state-court litigation regarding jail-time credit. Thus, Petitioner failed to fairly present to the state courts his argument that his federal constitutional rights were violated. Because any future attempt to present the argument to the state courts would be barred by an independent and adequate state procedural ground, this Court cannot consider the merits of Petitioner's claim unless he shows cause and prejudice or a fundamental miscarriage of justice. He has asserted neither. Accordingly, this Court cannot consider the merits of his sole ground for relief and must deny the petition.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant." This requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition for habeas corpus is denied. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 29th day of May, 2024, at Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge